STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. HUMBERTO JUAN AGUILAR, RESPONDENT.
494 N.W.2d 346

Filed January 22, 1993.   No. S-92-1097.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

Respondent, Humberto Juan Aguilar, an attorney admitted to the practice of law in Nebraska, was a licensed attorney in Florida. Aguilar was suspended from the practice of law in Nebraska on June 28, 1991, for failure to pay membership dues to the Nebraska State Bar Association. On October 29, 1992, the Supreme Court of Florida disbarred Aguilar for 20 years for violating "Rules 3-4.3 and 3-4.4 of the [Florida] Rules of

Discipline and Disciplinary Rules 1-102(A)(3), (4), (5) and (6) of The Code of Professional Responsibility and Rules 4-8.4(b), (c) and (d) of The Rúles of Professional Conduct." Subsequently, a motion for reciprocal discipline was filed in this court.

In its order disbarring Aguilar, the Supreme Court of Florida approved the referee's report which found that Aguilar had been the attorney for the leader of a large cocaine-smuggling operation. The referee further found that during the period from 1984 to 1987, Aguilar had conspired with other individuals to import large amounts of cocaine into the United States and had defrauded the United States by concealing the income gained through the drug trafficking. In addition, the referee found that Aguilar had developed an elaborate system to "launder" the proceeds from the illegal transactions.

Following his federal indictment on the aforementioned criminal charges, Aguilar was released on bail. Aguilar then sold his house in Miami, Florida, and fled to escape prosecution. Aguilar remains a fugitive.

Based on the referee's findings, the Supreme Court of Florida disbarred Aguilar from the practice of law, without leave to reapply, for a period of 20 years. The Nebraska State Bar Association then filed a motion for reciprocal discipline, asking this court to impose similar disciplinary measures against Aguilar.

Pursuant to Neb. Ct. R. of Discipline 21 (rev. 1992), after giving notice to a Nebraska bar member, this court will reciprocate the disciplinary measures of another state on the Nebraska bar member. Aguilar was notified of the motion for reciprocal discipline and given 30 days to show cause why he should not be disbarred in Nebraska. Aguilar did not comply with the show-cause order.

Accordingly, Aguilar is hereby disbarred from the practice of law in Nebraska.

JUDGMENT OF DISBARMENT.

WHITE, J., not participating.